**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**LINDA L. SHAFFER,**
Plaintiff,

vs. Case No.:______________________

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA16, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA16, AND SHELLPOINT LLC DBA SHELLPOINT MORTGAGE SERVICING,**
Defendants.
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Linda L. Shaffer, ("Shaffer"), sues Defendant, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWALT, In. Alternative Loan Trust 2006-OA16, Mortgage Pass-Through Certificates, Series 2006-OA16 ("BNYM") and Shellpoint LLC dba Shellpoint Mortgage Servicing ("Shellpoint")(collectively "Defendants"), for violations of 12 C.F.R. §1024.41 (enforced under 12 U.S.C. §2605(f)), breach of contract, breach of the implied covenant of good faith and fair dealing, and alleges:

INTRODUCTION

1. This action arises out of activities by the Defendants against Shaffer for pursuing a foreclosure judgment and an order of sale of a residential property while Shaffer's complete loss mitigation application was pending, and an offer and acceptance of a loss mitigation alternative was agreed to. The Defendants actions were in violation of 12 C.F.R. §1024.41(g) because the

Defendants were prohibited from moving for foreclosure judgment or sale while Shaffer's loss mitigation application was pending. Defendants breached a contract with Shaffer for an alternative to foreclosure by failing to perform its obligations under the contract. And, Defendants breached the implied covenant of good faith and fair dealing by electing to pursue a foreclosure judgment and sale although a contract existed for a loss mitigation alternative. The actions of the Defendants caused Shaffer to lose her home to foreclosure sale, face a significant deficiency judgment, prevented her from receiving the benefits of the loss mitigation contract, and subjected her to severe emotional distress.

## PARTIES

2. Shaffer is a "borrower" as defined under the 12 C.F.R. §1024.41 and is now a resident of Sarasota County, Florida.

3. Defendant, BNYM, upon information and belief is a national association with its headquarters at 225 Liberty Street, New York, New York.

4. Defendant, Shellpoint is a "servicer" for BNYM for the loan at issue in the case as defined under the 12 C.F.R. §1024.41, and upon information and belief is a limited liability company with its headquarters in Greenville, South Carolina.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is appropriate because this matter involves a federal question that arises under 15 U.S.C. §1692. In addition, this court has supplemental jurisdiction of the claims for breach of contract and breach of implied covenant of good faith and fair dealing.

6. Personal jurisdiction and venue are appropriate because the violations of 12 C.F.R. §1024.41(g) occurred in this district and Shaffer is a resident of this district.

## FACTUAL BACKGROUND

7. On June 27, 2006, Shaffer obtained a loan from Mortgageit Inc. to purchase and reside in a property with an address of 7633 Silverwood Court Bradenton, Florida 34202 ("Property").

8. At some point in 2006, Mortgageit, Inc. sold the loan to BNYM.

9. On or about January 17, 2012, Shaffer was sued by BNYM for foreclosure based upon an alleged default in payment.

10. On September 7, 2016 Shellpoint made an offer to Shaffer to participate in a cooperative short sale program in which she was eligible to receive up to $15,960.02 in relocation assistance. A copy of the offer is attached as exhibit "A."

11. On September 14, 2016 Shaffer accepted the offer to participate in the program and submitted a complete loss mitigation application to Shellpoint. A copy of the acceptance and loss mitigation application is attached as exhibit "B."

12. On September 22, 2016, the foreclosure action was set for trial on November 23, 2016.

13. BNYM moved at trial to obtain a foreclosure judgment and for sale of the home against Shaffer.

14. The foreclosure judgment was entered on November 23, 2016. A copy of the judgment is attached as exhibit "C."

## COUNT I VIOLATION OF 12 C.F.R. §1024.41(g) (enforced under 12 U.S.C. §2605(f))

(Against Shellpoint)

15. Shaffer re-alleges and incorporates by reference the preceding paragraphs 1 through 14 as if stated fully herein.

16. All conditions precedent to this cause of action, if any, have been satisfied, excused or waived.

17. Under 12 C.F.R. §1024.41(g), after the first filing of a judicial foreclosure, Shellpoint was prohibited from moving for a foreclosure judgment and order of sale if Shaffer submitted a complete loss mitigation application 37 days before the hearing.

18. In this case Shellpoint had made the first filing for foreclosure in 2012.

19. Shaffer submitted a complete loss mitigation application on September 14, 2016.

20. Prior to September 14, 2016, Shaffer had not submitted any other loss mitigation applications.

21. After Shaffer had submitted the complete loss mitigation application, and prior to any rejection of the application, Shellpoint moved for a foreclosure judgment and order of sale.

22. As a result of the violations of 12 C.F.R. §1024.41(g), Shaffer's home was foreclosed and she was unable to take advantage of the loss mitigation alternatives offered.

RELIEF REQUESTED UNDER 12 C.F.R. §1024.41(g) (enforced under 12 U.S.C. §2605(f))

WHEREFORE, Shaffer requests that this Court enter judgment in her favor and award the following:

A. Statutory damages under 12 U.S.C. §2605(f);

B. Actual damages, including emotional distress, under 12 U.S.C. §2605(f);

C. Costs and reasonable attorney's fees pursuant to 12 U.S.C. §2605(f); and

D. Any other relief just and proper.

COUNT II BREACH OF CONTRACT
(Against Defendants)

23. Shaffer references and incorporates preceding paragraphs 1 through 22 as if set forth fully herein.

24. All conditions precedent to this cause of action, if any, have been satisfied, excused or waive.

25. Shellpoint is an agent of BNYM under a servicing contract.

26. Shellpoint had authority to offer an alternative to foreclosure to Shaffer on behalf of BNYM.

27. Shellpoint did make an offer to Shaffer to participate in a short sale in which she could earn a relocation allowance; payoff her mortgage; be released from any deficiency balance; and have a better credit rating.

28. Shaffer accepted the offer to participate in the short sale program.

29. Shaffer satisfied all conditions to participate in the short sale program.

30. Defendants breach the contract by electing to pursue a foreclosure judgment and sale of the home in lieu of allowing Shaffer to participate in the short sale program.

31. As a result of the breach, Shaffer has suffered damages.

RELIEF REQUESTED FOR BREACH OF CONTRACT

WHEREFORE, Shaffer requests that this Court enter judgment in her favor and award the following:

A. Compensatory damages;

B. Costs and fees in pursuit of this action;

C. Prejudgment interest; and

D. Any other relief just and proper.

COUNT II BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING
(Against Defendants)

32. Shaffer references and incorporates preceding paragraphs 1 through 31 as if set forth fully herein.

33. Shellpoint is an agent of BNYM under a servicing contract.

34. Shellpoint had authority to offer an alternative to foreclosure to Shaffer on behalf of BNYM.

35. Shellpoint did make an offer to Shaffer to participate in a short sale in which she could earn a relocation allowance; payoff her mortgage; be released from any deficiency balance; and have a better credit rating.

36. Shaffer accepted the offer to participate in the short sale program.

37. Shaffer satisfied all conditions to participate in the short sale program.

38. Under the contract, it was implied that Defendants would not pursue a foreclosure judgment and court order of sale of the property after Shaffer had accepted the offer to short sale the property.

39. Defendants breached the implied covenant of good faith and fair dealing by pursuing a foreclosure judgment and order of sale while the parties had agreed to settlement of the lawsuit by short sale.

40. As a result of the breach, Shaffer has suffered damages.

## RELIEF REQUESTED FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

WHEREFORE, Shaffer requests that this Court enter judgment in her favor and award the following:

A. Compensatory damages;

B. Costs and fees in pursuit of this action;

C. Prejudgment interest; and

D. Any other relief just and proper.

## DEMAND FOR JURY TRIAL

Shaffer hereby demands a jury trial on all issues so triable.

Dated this 8th day of March, 2017.

**Law Office of David W. Smith**
5020 Clark Road Ste. 412
Sarasota, FL 34233
P: (941) 312-3078
F: (941) 923-1291
*david@dwsmithlaw.com*
Attorney for Shaffer

_/s/ David W. Smith______
David W. Smith, Esq.
Fla. Bar No. 70689