UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA L. SHAFFER,

    Plaintiff,

v.                                       Case No. 8:17-cv-565-T-33AAS

BANK OF NEW YORK MELLON
and SHELLPOINT LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. The Court dismisses the Complaint (Doc. # 1) as a shotgun complaint and grants leave to amend by May 16, 2017. Additionally, in light of the Complaint's dismissal as a shotgun complaint, Defendants' Motion to Dismiss (Doc. # 20) is denied without prejudice.

**I. Discussion**

On March 8, 2017, Plaintiff Linda Shaffer initiated this action, alleging a violation of Regulation X, 12 C.F.R. § 1024.41(g), which implements the provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601, et seq., by Defendant Shellpoint LLC (Count I), as well as claims for breach of contract (Count II) and breach of implied

1

covenant of good faith and fair dealing (Count III) against Shellpoint and Defendant Bank of New York Mellon. (Doc. # 1). Defendants filed their Motion to Dismiss on April 27, 2017. (Doc. # 20).

Although Defendants have not raised this argument, the Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009).

At the beginning of each count, the Complaint "references and incorporates" all the preceding paragraphs. (Doc. # 1 at 3-5). Thus, the allegations about Shellpoint's purported Regulation X violation are incorporated into the breach of contract and breach of implied covenant of good faith and fair dealing counts against both Shellpoint and Bank of New York Mellon. This is impermissible. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015)(stating "a complaint containing multiple counts where each count adopts the allegations of all

2

preceding counts" is an impermissible shotgun complaint). Therefore, the Complaint is dismissed. Shaffer may file an amended complaint that is not a shotgun pleading by May 16, 2017, failing which, the case will be dismissed without further notice.

As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted. Cf. Bennett v. Nationstar Mortg., LLC, No. CV 15-00165-KD-C, 2015 WL 5294321, at *13 n.15 (S.D. Ala. Sept. 8, 2015)("The Defendants advance several arguments to dismiss the breach of contract and FDCPA claims, but the undersigned declines to address those arguments until these claims are repleaded."). The Motion to Dismiss is denied without prejudice and Defendants may reassert their arguments in their response to the amended complaint.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Linda Shaffer's Complaint (Doc. # 1) is **DISMISSED** as a shotgun complaint.

(2) Shaffer may file an amended complaint by **May 16, 2017,** failing which, the case will be dismissed without further notice.

(3) Defendants' Motion to Dismiss (Doc. # 20) is **DENIED WITHOUT PREJUDICE.** Defendants may reassert their arguments, if needed, when they respond to the amended complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of May, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE